87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Lee BARNETT, Defendant-Appellant.
 No. 95-35810.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Lee Barnett appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Barnett was convicted of conspiracy to manufacture, distribute and possess marijuana. He contends that the district court erred by denying his claim of ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a § 2255 motion de novo, see Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.
 
 
 3
 Barnett contends that he received ineffective assistance of counsel when the attorney representing him at sentencing failed to dispute the amount of marijuana plants for which he was held responsible. Barnett claims that he should be responsible for only 625 viable marijuana plants, rather than 2,107. This contention lacks merit.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, Barnett must demonstrate "1) deficient performance and 2) prejudice." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). An attorney's performance is deficient if it "[falls] below an objective level of reasonableness." Id. at 369-70. To demonstrate prejudice, Barnett must establish that the result of his sentencing proceeding was rendered unfair or unreliable as a result of his attorney's error. See id. at 370.
 
 
 5
 The presentence report indicated that 2,107 marijuana plants were found in the van driven by Barnett. The report recommended a base offense level of 34, considering a 2-point upward adjustment for Barnett's role in the offense, and a criminal history category of V. The sentencing range for that recommendation is 235-293 months. At sentencing, the court adopted the recommendation concerning the number of marijuana plants at issue. However, the district court reduced the offense level to 32 and departed downward to a criminal history category of II, for a sentencing range of 135-168 months. Barnett was sentenced to 135 months, the low end of the guideline range.
 
 
 6
 Barnett claims that his attorney's failure to investigate and present evidence to contradict the number of marijuana plants in the presentence report was objectively unreasonable, and prejudiced him by producing a longer sentence. Specifically, he claims that he was only responsible for 625 viable marijuana plants, rather than 2,107. We are unable to determine from the record whether counsel's inaction was either deficient or merely an unsuccessful strategic choice. See id. at 369-70.
 
 
 7
 Nevertheless, even assuming Barnett is correct, and that counsel erred by failing to challenge the number of plants for which Barnett was responsible, Barnett fails to satisfy the prejudice prong of the test. See id. at 370. The base offense level for 625 viable marijuana plants is 28. See U.S.S.G. § 2D1.1(c). A base offense level of 28 with a criminal history category of V produces a guidelines range of 130-162 months. Barnett received a sentence of 135 months. Accordingly, because the sentence he received is at the lower end of the range he proposes, he has not been prejudiced by counsel's failure to dispute the number of marijuana plants at issue. See Lockhart, 506 U.S. at 369-70.
 
 
 8
 Because the district court did not err by denying Barnett's § 2255 motion, and the evidence demonstrates that Barnett is not entitled to relief, no evidentiary hearing is necessary. See Frazer, 18 F.3d at 78.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3